UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN MARK RILEY,

                    Petitioner,

vs.                                        Case No. 3:17-cv-1090-J-39JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.

_____

## **ORDER**

### I.  **INTRODUCTION**

Petitioner, Steven Mark Riley, challenges his state court

(Duval County) conviction for robbery with a weapon through a

Petition for Writ of Habeas Corpus (Petition) (Doc. 1) pursuant to

28 U.S.C. § 2254.[1]  Respondents filed an Answer in Response to

Order to Show Cause (Response) (Doc. 13).[2]  Petitioner filed a

---

[1] Petitioner mentions two other offenses, driving on a suspended
license and possession of cocaine, but he is obviously challenging
the robbery conviction in his grounds for relief.  Petition at 1.
He pled guilty to the other two offenses.

[2] The Court hereinafter refers to the exhibits in the Appendix
(Doc. 13) as "Ex."  Where provided, the page numbers referenced
in this opinion are the Bates stamp numbers at the bottom of each
page of the exhibit.  Otherwise, the page number on the document
will be referenced.

Reply to Respondents' Answer in Response to Show Cause (Reply) (Doc. 15).

## II.  EVIDENTIARY HEARING

Petitioner has the burden to establish a need for an evidentiary hearing.  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012).  In this case, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief.  Thus, the Court finds Petitioner is not entitled to an evidentiary hearing.  Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## III.  PETITION

The Petition presents three grounds for habeas relief; however, Petitioner, in his Reply at 5, abandons grounds one and three.  Therefore, the Petition is before the Court on the remaining ground, ground two: the ineffective assistance of trial

counsel for failure to object to the jury's verdict finding Petitioner guilty of robbery with a weapon because the verdict was not supported by the evidence at trial. Petition at 8. On the one hand, Petitioner states he did not exhaust this claim, but in his more recent filing, the Reply, he contends he exhausted this ground by presenting it in claim four of his amended Rule 3.850 motion. Reply at 5. He avers he completed the exhaustion requirement by appealing the denial of the amended Rule 3.850 motion. Id.

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254. This statute "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam). The AEDPA statute: "respects the authority and ability of state courts and their dedication to the protection of constitutional rights." Id. Therefore, "[u]nder AEDPA, error is not enough; even clear error is not enough." Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1349 (11th Cir.) (citing Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017) (per curiam)), cert. denied, 2019 WL 5150550 (2019).

Applying the statute as amended by AEDPA, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019).

Thus, in order to obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders, 911 F.3d at 1351. As noted in Richter, unless the petitioner shows the state court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

In undertaking its review, this Court is not obliged "to flyspeck the state court order or grade it." Meders, 911 F.3d at 1349. Indeed, specificity and thoroughness of the state court decision is not required; even if the state court fails to provide rationale or reasoning, AEDPA deference is due "absent a

conspicuous misapplication of Supreme Court precedent." Id. at 1350 (citation and quotation marks omitted).

Of importance, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). But, this presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).

Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Once a claim is adjudicated in state court and a prisoner seeks relief in the federal court system, AEDPA's formidable barrier to habeas relief comes into play, and it is very difficult for a petitioner to prevail under this stringent standard. As such, state-court judgments will not easily be set aside once the

Court employs this highly deferential standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although AEDPA does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. Id. In sum, application of the standard set forth in 28 U.S.C. § 2254(d) ensures that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, and not a mechanism for ordinary error correction. Richter, 562 U.S. at 102-103 (citation and quotation marks omitted).

## V.  GROUND TWO

Petitioner raises a claim of ineffective assistance of trial counsel. To prevail on his Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). See Brewster v. Hetzel, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component).

In order to obtain habeas relief, a counsel's errors must be so great that they adversely affect the defense. In order to satisfy this prejudice prong, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The standard created by Strickland is a highly deferential standard, requiring a most deferential review of counsel's decisions. Richter, 562 U.S. at 105. Not only is there the "Strickland mandated one layer of deference to the decisions of trial counsel[,]" there is the added layer of deference required by AEDPA: the one to a state court's decision. Nance, 922 F.3d at 1303. Thus,

> Given the double deference due, it is a "rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (11th Cir. 2011). And, for the reasons we have already discussed, it is rarer still for merit to be found in a claim that challenges a strategic decision of counsel.

Nance, 922 F.3d at 1303.

Petitioner asserts his counsel's performance was constitutionally deficient. Petition at 8. He claims trial counsel was constitutionally ineffective for failure to object to the jury verdict finding Petitioner guilty of robbery with a weapon

because the verdict was not supported by the evidence at trial. Id.

Respondents contend this claim was not properly raised in the trial court and is unexhausted. Response at 20. Additionally, Respondents assert Petitioner has not shown cause for his failure to raise the claim and prejudice resulting therefrom. Id. Petitioner counters this assertion by stating he adequately exhausted his claim by presenting it in claim four of his amended Rule 3.850 motion. The Court is convinced Petitioner adequately exhausted his claim of ineffective assistance of counsel raised in ground two of the Petition by filing the amended Rule 3.850 motion in the state court system and by appealing the denial of that motion.

The record demonstrates the following. Petitioner was originally charged by information with armed robbery with possession of a firearm. Ex. A at 11. After trial by jury, the jury returned a verdict finding Petitioner guilty of robbery with a weapon, a lesser-included offense. Id. at 49. In claim 4 of the amended Rule 3.850 motion, Petitioner raised the following claim: "Mr. Riley's guilty verdict was constitutionally unreliable in violation of the Sixth, Eighth and Fourteenth Amendments, because the trial court erroneously instructed Mr. Riley's jury on the presence of a 'weapon'. The jury rendered a verdict that was

not consistent with the facts available from the trial of this matter." Ex. L. at 33. More specifically, Petitioner explains that his counsel failed to object to the form of the verdict and the evidence did not support a conviction for robbery with a weapon:

> The form of the verdict in this case was critically important and the failure of defense counsel to produce the correct verdict, or at the least to protect the record on appeal for any objections to a correct verdict rises to ineffective assistance of counsel. During the entire life of this case, both pre-trial and trial, the only "weapon" that was recognized was the firearm alleged to exist by the victim. Ms. Barreras. To allow a verdict that includes an undefined "weapon" as being included in the jury's deliberations is fundamental error because it is not based on the trial evidence. By removing the option of the "weapon", the jury would have had fewer options to consider. It is obvious that the jury rejected the State's claim that the Defendant had a firearm because they found the Defendant guilty of a lesser included offense, that of possession [of] a "weapon". But the trial testimony and record was devoid of any weapon other than a firearm. [R 049-050.]

Ex. L at 33.

The state responded and set forth the two-pronged <u>Strickland</u> standard before addressing the grounds for relief. <u>Id</u>. at 62-64. The trial court denied the amended Rule 3.850 motion, attaching and incorporating by reference the exhibits and transcripts referenced in the state's response. <u>Id</u>. at 182-303. Petitioner

appealed the denial of his amended Rule 3.850 motion raising the claim that the form of the verdict was fundamental error and defense counsel's failure to object to the form of the verdict was harmful error as ineffective assistance of counsel. Ex. M at ii, 31-34. The First District Court of Appeal (1st DCA) per curiam affirmed the denial of post-conviction relief without explanation. Ex. P. The mandate issued on September 6, 2017. Id.

Of note, in claim 1(e) of the amended Rule 3.850 motion, Petitioner asserted counsel failed to object to the form of verdict as well. Ex. L at 27. The state, in its response, argued that the state is entitled to demand a jury instruction on lesser included crimes, and the evidence included the victim's testimony that Petitioner used a gun, or something, during the robbery. Id. at 73. The state averred that an objection would have been meritless. Id. at 74. Furthermore, the state argued the instruction benefitted Petitioner as it allowed the jury to use its inherent power to pardon Petitioner of a higher crime. Id. (citing Sanders v. State, 946 So. 2d 953, 957 (Fla. 2006)). The state concluded, "the Defendant has failed to demonstrate either a legal deficiency, or prejudice to himself, in his attorney's failure to object to a necessary lesser-included crime on the verdict form that was supported by the evidence." Ex. L at 74.

Petitioner appealed the denial of this ground. Ex. M at 17-21. Again, the state argued the charged lesser included offenses benefitted Petitioner as the jury could exercise its pardon power. Id. at 19-20. The 1st DCA affirmed without comment. Ex. P.

The 1st DCA's affirmance of the decision of the trial court denying the amended Rule 3.850 motion is an adjudication on the merits entitled to AEDPA deference. Therefore, the Court will employ the "look through" presumption. The Court will "look through" the unexplained 1st DCA's decision to the last related state court decision (the trial court's decision denying post-conviction relief) and will presume the unexplained 1st DCA's decision adopted the same reasoning as the trial court. Wilson.

In this regard, the state appropriately referenced the Strickland standard in its response to the amended Rule 3.850 motion. The Court is convinced that fair-minded jurists could agree with the trial court's decision. Thus, the trial court's ruling affirmed by the 1st DCA is entitled to deference. The decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts. Petitioner is not entitled to relief on ground two.

Petitioner has failed to overcome the presumption that counsel's performance fell within the wide range of reasonably professional assistance. The record shows the victim testified:

> He stopped hard. He did like this with his hands (demonstrating). I thought he is going to give me my bag, but I notice he had something in his hand. He had something in his hand, and **it was a gun or something**, and he put it right here, and he said in my ear, Bitch, get out of my way.

Ex. C at 33 (emphasis added). Thereafter, the victim testified she knew it was a gun, a black gun. Id. at 34.

The victim said she had bruising to her head, as depicted in photographs taken shortly after the incident. Id. at 39. Susan Tyler testified the victim demonstrated being hit on her head with a pistol, making her hand like a pistol and patting her head.[3] Id. at 77. Ms. Tyler said the victim was bleeding profusely from her head. Id. at 79. The state cross-examined Petitioner about the bruise behind the victim's ear and how it came about. Id. at 128. Petitioner denied hitting the victim. Id.

Defense counsel made a motion for a judgment of acquittal. Id. at 96. The court denied the motion finding the state proved a prima facie case. Id. at 98. Defense counsel renewed the

---

3 Ms. Maria Irene Barreras, the victim, was speaking in Spanish at the scene. Ex. C at 77. At trial, Ms. Barreras had an interpreter. Id. at 28.

motion for judgment of acquittal.  <u>Id</u>. at 134-35. The court denied the renewed motion.  <u>Id</u>. at 135-36.

Defense counsel did not object to the inclusion of the lesser included offense of robbery with a weapon.  <u>Id</u>. at 139.  She did request the addition of the lesser offense of robbery by sudden snatching, which the court agreed to include in the instructions. <u>Id</u>. at 137-39.  The verdict form included armed robbery with a firearm, robbery with a weapon, robbery, robbery by sudden snatching with or without a firearm, petit theft, and not guilty. Ex. A at 49-50.

Defense counsel filed a motion for new trial, arguing the trial court erred in denying the motion for judgment of acquittal and the verdict was contrary to the weight of the evidence and to the law.  Ex. A at 51-52.  The trial court denied the motion.  <u>Id</u>. at 58.

Notably, the crime of robbery with a weapon "is the next immediate lesser-included offense of robbery with a firearm." <u>Davis v. State</u>, 235 So. 3d 320, 321 (Fla. 2018).  A weapon "is defined to mean any object that could be used to cause death or inflict serious bodily harm."  Ex. C at 187.  <u>See</u> <u>Davis</u>, 235 So. 3d at 321 (referencing Fla. Std. Jury Instr. (Crim) 15.1 Robbery).

In this case, the jury found Petitioner guilty of robbery with a weapon.  The record includes competent evidence supporting

the jury's verdict, with evidence presented to sustain the conviction for robbery with a weapon. Of import, the jury could have exercised its pardon power by convicting Petitioner of the lesser-included offense. This pardon power allows the jury to acquit a defendant of the greater offense while convicting him of a lesser offense, even though the evidence supports both crimes. Sanders v. State, 946 So. 2d 953, 957 (Fla. 2006) (recognizing that failure to instruct on the next immediate lesser included offense (one step removed from the charged offense) constitutes reversible error) (citation and quotation omitted). The jury may choose to show mercy or leniency and elect not to convict the defendant of the charged offense, even though the evidence supports the greater offense. "The jury pardon checks the severity of the consequences."[4] Id.

---

4 If Petitioner had been convicted or robbery with a firearm, he apparently would have faced the possibility of punishment of imprisonment for a term of years not exceeding life imprisonment. § 812.13(2)(a), Fla. Stat. See Burgess v. McNeil, 357 F. App'x 206, 207 (11th Cir. 2009) (per curiam) (noting the Florida robbery statute defines three crimes, two of which are first-degree felonies, and one of the first-degree felonies is punishable by life imprisonment), cert. denied, 562 U.S. 848 (2010); Dotel v. State, 175 So. 3d 830, 832 (Fla. 4th DCA 2015) (robbery with a firearm carries "a maximum sentence of life"). The jury found Petitioner guilty of a first degree felony, but the offense of robbery with a weapon was punishable by up to thirty years in prison. Ex. A at 124. Although the state asked for the maximum sentence, the trial court sentenced Petitioner to eighteen years in prison. Id. at 132.

Petitioner has also failed to demonstrate prejudice. Either the jury was convinced Petitioner did not possess a firearm during the robbery, but he possessed a different weapon, or the jury believed Petitioner possessed a firearm during the offense but exercised its pardon power and found Petitioner guilty of the lesser-included offense. Again, the victim testified Petitioner had something in his hand, "and it was a gun or something[.]" Ex. C at 33.

Although Petitioner may be dissatisfied with the outcome of the sentencing proceeding, the record demonstrates he went to trial to convince the jury he did not have a firearm. He was successful in this regard and avoided the conviction of armed robbery with a firearm. Thereafter, he told the court that he was "100 percent" satisfied with the legal services of defense counsel. Ex. D at 227-28. Petitioner has neither shown deficient performance nor prejudice under the Strickland standard of review. Thus, Petitioner is not entitled to habeas relief on ground two of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[5]    Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.    Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November, 2019.

_____
BRIAN J. DAVIS
United States District Judge

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).    To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).    Upon due consideration, this Court will deny a certificate of appealability.

sa 11/14
c:
Steven Mark Riley
Counsel of Record